IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Fern J. Wanke, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:08-cv-94 |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER ON DEFENDANTS' MOTION** |
| Job Service North Dakota, Larry Anderson, | ) | **TO DISMISS** |
| Thomas Fetsch, and Andrew Gleich, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

Before the Court is Defendants' motion to dismiss all claims (Doc. # 6).  Plaintiff filed a

memorandum in response, agreeing to dismissal of only one of the three claims (Doc. # 9).  The

Court, having considered the briefs and documents filed by the parties, now issues this

memorandum opinion and order.

## SUMMARY OF DECISION

Plaintiff brings this action alleging she was discriminated against because of her age

when she applied, but was not hired, for a customer service representative position at Job

Service.  She alleges Defendants violated the North Dakota Human Rights Act ("NDHRA"),

Title VII of the Civil Rights Act, and the Age Discrimination in Employment Act ("ADEA")

when they hired a younger, less qualified person for the position.

Plaintiff concedes she failed to timely file a notice of claim as required under N.D. Cent.

Code § 32-12.2-04; therefore, the NDHRA claim is dismissed.  The Court finds Plaintiff's Title

VII claim must be dismissed because age is not a protected category under this statute. The

Court further finds that Job Service North Dakota, a state agency, and the individually named

state employees are protected by Eleventh Amendment immunity; therefore, Plaintiff's ADEA

claim must be dismissed.  Because Plaintiff has failed to allege a viable claim, her Complaint is

dismissed with prejudice.

## FACTUAL BACKGROUND

In February 2005, Plaintiff applied for a customer service representative position with

Job Service North Dakota.  Plaintiff was interviewed for the position, but she was not hired.  At

the time of the interview, Plaintiff was 63 years old.  She alleges an individual in her twenties

with minimal relevant work experience was hired.  Plaintiff contends she was not hired because

of her age.

In June 2008, Plaintiff received a right to sue letter from the Equal Employment

Opportunity Commission.  In September 2008, Plaintiff commenced this age discrimination

action, alleging violations of the North Dakota Human Rights Act, Title VII of the Civil Rights

Act of 1964, and the Age Discrimination in Employment Act.  She named as defendants Job

Service as well as employees Tom Fetsch, Andrew Gleich, and Larry Anderson, who were

purportedly involved in the hiring process.  Plaintiff did not allege Defendants Fetsch, Gleich, or

Anderson were being sued in their individual capacity.

Defendants seek dismissal of the Complaint on several grounds: (1) Defendants Tom

Fetsch and Job Service were not properly served; (2) Title VII does not prohibit age

discrimination; (3) claims under the ADEA cannot be brought against the State or individual

defendants; (4) the Eleventh Amendment bars all claims against the State and State employees in

federal court; and (5) this Court lacks jurisdiction over the NDHRA claim.

## ANALYSIS

Judgment on the pleadings is appropriate only when there is no dispute as to any material

facts and the moving party is entitled to judgment as a matter of law.  <u>Ashley County, Ark. v.</u>

<u>Pfizer, Inc.</u>, 552 F.3d 659, 665 (8th Cir. 2009).  Further, the court is required to accept as true all

factual allegations set out in the complaint and to construe the complaint in the light most

favorable to the plaintiff.  <u>Id.</u>

**1.      North Dakota Human Rights Act**

Plaintiff concedes she is no longer seeking relief under the NDHRA since she failed to

timely file a notice of claim, as required by N.D. Cent. Code § 32-12.2-04 (Plaintiff's brief p. 6).

Thus, Plaintiff's NDHRA claim is dismissed.

**2.      Title VII of the Civil Rights Act of 1964**

Plaintiff alleges she was not hired for the customer service representative position

because of her age, which violates Title VII.  Although Plaintiff addresses the <u>McDonnell</u>

<u>Douglas</u> burden-shifting analysis courts utilize in Title VII cases, she does not respond to

Defendants' argument that her claim under Title VII must be dismissed because age is not a

specified class protected by the statute.

The United States Supreme Court has cautioned that while there may be areas of

common definition with regard to claims under the ADEA and Title VII, employees and counsel

must be careful to not rely on rules applicable under one statute as though they applied to the

other statute without careful and critical examination.  <u>Federal Exp. Corp. v. Holowecki</u>, ___

U.S. ___, 128 S.Ct. 1147, 1153 (2008).   Title VII makes it unlawful for an employer to refuse to

hire an individual because of "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-

2.  Title VII, however, does not apply to age discrimination claims.  <u>Smith v. City of Jackson</u>,

544 U.S. 228, 253 (2005) (noting the drafters of the ADEA and Congress understood that age

discrimination was "qualitatively different" from the kinds of discrimination addressed by Title VII).  Congress specifically rejected proposals to address age discrimination in the Civil Rights Act of 1964.  Id.

In response to the decision not to include age as a protected class in Title VII, the Secretary of Labor, after studying age discrimination in employment, submitted a report to Congress which provided the blueprint for the ADEA. City of Jackson, 544 U.S. at 253.  Thus, although age discrimination in employment is a prohibited practice, Title VII is not the proper statute for bringing such a claim.  See id. at 253-54; Lennon v. Rubin, 166 F.3d 6, 8 (1st Cir. 1999) (age is not a category protected under Title VII); Taylor v. Brown, 928 F.Supp. 568, 573 (D. Md. Dec. 8, 1995) (plaintiff does not have a cause of action for age discrimination under Title VII).   Consequently, Plaintiff's Title VII claim must be dismissed as a matter of law.

**3.     Age Discrimination in Employment Act**

Plaintiff also alleges a violation of the ADEA.  The ADEA prohibits an employer from discriminating on the basis of age for individuals over 40 years old.  29 U.S.C. § 631.  A plaintiff asserting an ADEA claim may attempt to prove discrimination by either of two methods: (1) by presenting direct evidence that age was a motivating factor; or (2) by relying on the familiar McDonnell Douglas burden-shifting framework.  Morgan v. A.G. Edwards & Sons, Inc., 486 F.3d 1034, 1042 (8th Cir. 2007).  Under the McDonnell Douglas framework, a plaintiff must first establish a prima facie case of age discrimination.  Id.   To do so, a plaintiff must show (1) she is over 40 years of age; (2) she was qualified for the position; (3) she was not hired; and (4) the employer hired a younger person to fill the position.   Chambers v. Metropolitan Prop. & Cas. Ins. Co., 351 F.3d 848, 855 (8th Cir. 2003).  If plaintiff establishes a prima facie case, the

burden shifts to the defendant to offer a legitimate, nondiscriminatory reason for its conduct. Ward v. Int'l Paper Co., 509 F.3d 457, 460 (8th Cir. 2007).  If the defendant satisfies its burden, the plaintiff must show that the proffered reason was a pretext for unlawful discrimination.  Id.

The Court need not analyze whether Plaintiff has established a prima facie case because Plaintiff's ADEA claim is barred by the Eleventh Amendment.  "The Eleventh Amendment immunizes an unconsenting State from damage actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action."  Becker v. University of Nebraska, 191 F.3d 904, 908 (8th Cir. 1999) (quotation omitted).  The Eighth Circuit has interpreted the Eleventh Amendment to extend to suits by all persons against a state in federal court unless a state consents.  Id.

The Eleventh Amendment encompasses not only actions in which the state is named as a defendant, but also certain actions against state instrumentalities.  Becker, 191 F.3d at 908.  A state agency or official can invoke Eleventh Amendment immunity if immunity will protect the state treasury from liability having essentially the same practical consequences as a judgment against the state itself.  Id.  Job Service North Dakota is a state agency authorized under N.D. Cent. Code Ch. 52-02.  It is the agency designated to carry out state employment services.  N.D. Cent. Code § 52-08-02.  As such, Job Service is a state instrumentality protected by Eleventh Amendment immunity.

While Plaintiff does not dispute Job Service is a state agency, she contends Job Service should not have immunity against an ADEA claim because (1) the plain language of the ADEA indicates Congress' intent to allow a state employee to bring suit against her state employer in federal court for age discrimination, and (2) because the North Dakota legislature intended to

5

prohibit employers from discriminating based on age thereby waiving immunity when it enacted the North Dakota Human Rights Act.  With regard to Plaintiff's first argument, she relies on § 630(b)[1] of the ADEA.  Under § 630(b), an employer subject to the ADEA includes, in relevant part, "a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State."  29 U.S.C. § 630(b)(2).  Plaintiff contends she should be allowed to proceed against Job Service because Congress expressly included state agencies as covered employers for purposes of the ADEA.

While the Court acknowledges Plaintiff's plain reading of the statute, the United States Supreme Court has concluded that Congress exceeded its authority under § 5 of the Fourteenth Amendment when it attempted to abrogate states' Eleventh Amendment immunity in ADEA suits.  Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000).  Likewise, the Eighth Circuit has concluded the ADEA does not abrogate a state's Eleventh Amendment immunity.  Fromm v. Comm'n of Veterans Affairs, 220 F.3d 887, 888 (8th Cir. 2000) (the ADEA does not abrogate states' Eleventh Amendment immunity); Becker, 191 F.3d at 909 (holding the plaintiff's ADEA claim against the University of Nebraska is barred by the Eleventh Amendment); Humenansky v. Regents of the University of Minnesota, 152 F.3d 822, 825-28 (8th Cir. 1998) (ADEA's text does not reflect unmistakably clear intent to abrogate Eleventh Amendment immunity and doing so exceeds Congress' powers under the Fourteenth Amendment enforcement clause).  Thus, the Supreme Court and this Circuit have squarely addressed and rejected Plaintiff's argument.  Consequently, this Court also rejects Plaintiff's argument that the language in the ADEA allows Job Service to be sued in this Court.

---

[1] Plaintiff incorrectly cites Section 623(b) in her brief.

Plaintiff also argues North Dakota has waived immunity from federal age discrimination lawsuits by enacting its own statute prohibiting the same type of discrimination.  She has not directed the Court to any case law to support her argument.  To the contrary, the Eighth Circuit has rejected her argument.  In <u>Whitten v. Ark. Dep't of Human Servs.</u>, No. 00-2470, 2001 WL 59050 (8th Cir. Jan. 25, 2001) (per curiam), former employees of the state department of human services sued the department and its officials, alleging their termination violated their rights under the due process clause and the ADEA.  The Eighth Circuit concluded the enactment of an Arkansas statute prohibiting age discrimination in public employment did not amount to state consent to be sued for such discrimination in federal court.  <u>Id.</u>  This Court agrees that the mere enactment of a state statute prohibiting age discrimination does not amount to consent by the state to be sued  in federal court for violating the ADEA.

Moreover, while a state can waive Eleventh Amendment immunity by voluntarily consenting to be sued in federal court, North Dakota has specifically preserved its immunity by statute.  N.D. Cent. Code § 32-12.2-10.  Plaintiff discounts North Dakota's immunity statute, contending it would be contrary to the Supremacy Clause to interpret a state's immunity statute as superseding an ADEA claim.  Her argument lacks merit.

The Supremacy Clause requires that a state law "give way" when it conflicts with or frustrates a federal law.  <u>Fletcher v. Burlington Northern & Santa Fe R.R. Co.</u>, 474 F.3d 1121, 1125 (8th Cir. 2007).  "The Supremacy Clause is not the direct source of any federal right, but 'secures federal rights by according them priority whenever they come in conflict with state law.'" <u>Lankford v. Sherman</u>, 451 F.3d 496, 509 (8th Cir. 2006) (quoting <u>Golden State Transit Corp. v. City of Los Angeles</u>, 493 U.S. 103, 107 (1989)).  An actual conflict exists when

7

compliance with both state and federal law is a "physical impossibility", or when the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Id. (citations omitted).

In order for a Supremacy Clause issue to exist, there must first be an actual conflict between a state and federal statute. Here, the United States Supreme Court and the Eighth Circuit have concluded the ADEA does not abrogate a state's Eleventh Amendment immunity. This Court is bound by those decisions. Because there is no conflict between the ADEA and North Dakota's immunity statute, Plaintiff's Supremacy Clause argument fails. The Court finds Plaintiff's claim under the ADEA is barred by Eleventh Amendment immunity.

Lastly, Plaintiff attempts to save her claim by arguing that the individual employees should be held liable for acting outside the scope of their employment. Her argument lacks any basis in fact or in law. First, the Complaint does not indicate the employees are being sued in their individual capacity. Nowhere in her Complaint does Plaintiff allege the employees are being sued in their individual capacity, nor does she even infer that the employees alleged misconduct occurred outside the scope of employment. A district court is required to construe the complaint as suing state employees in their official capacity unless the complaint affirmatively states to the contrary. Baker v. Chisom, 501 F.3d 920, 924 (8th Cir. 2007); Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Because the Complaint does not allege claims against the employees in their individual capacity, the claims against the individual defendants are to be construed as claims against the state, which this Court has already dismissed.

Second, even if the employees had been properly sued in their individual capacity,

Plaintiff would have to overcome the immunities state employees are entitled to claim under N.D. Cent. Code § 32-12.2-03.  State employees may not be held liable in their personal capacity for any negligence, wrongful act, or omission committed by them while acting within the scope of employment.  N.D.Cent. Code § 32-12.2-03.

Interestingly, Plaintiff attempts to construe the employees' alleged discriminatory actions as outside of the scope of employment because they are "outside of the scope of the employer's institutional policies."  (Plaintiff's brief p. 6).   It is possible that under some circumstances it might be necessary for a Court to analyze whether an employee acted outside of an employer's policy in order to determine whether that employee was acting within the scope of employment. The Court, however, does not need to do so in this case.

By statute, a state employee is acting within the scope of employment if he is "acting on behalf of the state in the performance of duties or tasks of the employee's office or employment lawfully assigned to the employee by competent authority or law."  N.D. Cent. Code § 32-12.2-01.  The entire premise of Plaintiff's Complaint is she applied for a position with Job Service, but was not hired.  The individually named defendants are state employees carrying out hiring needs on behalf of a state agency.  According to the Complaint, Defendants Fetsch and Gleich were involved in the hiring process through interviewing the applicants, contacting references, and deciding which applicant to hire.  Defendant Anderson apparently supervised and "condoned" the process.  Nothing has been presented to the Court to suggest the employees' alleged discriminatory actions occurred outside the scope of their employment.  Thus, even if Plaintiff had properly pled claims against the individually named defendants, they would have been protected by statutory immunity and subject to dismissal.

9

## <u>CONCLUSION</u>

Based on Plaintiff's concession that she failed to timely file a notice of claim, her NDHRA claim is dismissed as a matter of law.  In addition, Plaintiff's Title VII claim must be dismissed because age is not a protected class under Title VII.  Finally, Defendants Job Service and its employees are immune from suit; therefore, Plaintiff's ADEA claim fails as a matter of law.  For these reasons, Defendants' motion to dismiss is **GRANTED** in its entirety.  Plaintiff's Complaint is dismissed with prejudice.  Let judgment be entered accordingly.

**IT IS SO ORDERED**.

Dated this 1st day of May, 2009.


*/s/* Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court